1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AARON L. BELL,

                Plaintiff,

v.

CITY OF SPOKANE, J. CHRISTENSEN, D. DUNKIN, J. CURTIS, SGT. PREUNIGER, E. KANNBERG, and UNKNOWN SUPERVISORS,

                Defendants.

NO. 2:21-CV-0146-TOR

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND GRANTING IN PART PLAINTIFF'S MOTIONS TO AMEND

BEFORE THE COURT are Defendants' Fed. R. Civ. P. 12(b)(1) Motion for Partial Dismissal of Certain Defendants and Claims (ECF No. 11), Plaintiff's Motion to Add Defendants and Amend Complaint (ECF No. 15), and Plaintiff's Second Motion to Add Defendants and Amend Complaint (ECF No. 16). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND GRANTING IN PART PLAINTIFF'S MOTIONS TO AMEND ~ 1

1  For the reasons discussed below, Defendants' Fed. R. Civ. P. 12(b)(1) Motion for Partial Dismissal of Certain Defendants and Claims (ECF No. 11) is **GRANTED**, Plaintiff's Motion to Add Defendants and Amend Complaint (ECF No. 15) is **GRANTED**, and Plaintiff's Second Motion to Add Defendants and Amend Complaint (ECF No. 16), is **DENIED as futile**.

## BACKGROUND

This case arises from an arrest made by the Spokane Police Department ("SPD") in Spokane, Washington. *See* ECF No. 1-2. Prior to this action, on February 3, 2020, Plaintiff filed suit for largely the same events at issue against Defendants City of Spokane, J. Christensen, D. Dunkin, J. Curtis, and E. Kannberg. *See Bell v. City of Spokane et al.*, 2:20-cv-00051-TOR ("*Bell I*"). In that action, Plaintiff listed the following causes of action in the amended complaint: (1) excessive force in violation of the Fourth Amendment, (2) failure to intervene in violation of the Fourth Amendment, (3) cruel and unusual punishment in violation of the Eighth Amendment, (4) failure to provide adequate medical care in violation of the Fourteenth Amendment, (5) failure to provide a police report or internal affairs investigation, and (6) battery and gross negligence or willful and wanton misconduct in violation of state law. *See Bell I*, ECF No. 21.

On September 23, 2020, while Plaintiff was represented by counsel, the Court granted in part and denied in part Defendants' motion for summary

judgment and dismissed Defendants D. Dunkin, J. Curtis, and E. Kannberg with prejudice. *See Bell I*, ECF No. 46. As a result of that order, the Court dismissed all of Plaintiff's claims with prejudice except Plaintiff's Fourth Amendment and state related claim for excessive force based on the allegation that Officer Christensen grabbed the Plaintiff's handcuffs and dragged him into the vehicle, thereby breaking Plaintiff's clavicle. *Bell I*, ECF No. 46 at 23. On January 13, 2021, the Court dismissed Plaintiff's action without prejudice following Plaintiff's notice of stipulated voluntary dismissal. *See Bell I*, ECF Nos. 51, 53.

On April 13, 2021, Plaintiff, now proceeding *pro se*, initiated the present action ("*Bell II*") by filing a complaint in Spokane County Superior Court against the aforementioned Defendants with the addition of Defendant Sgt. Preuniger and Defendant Unknown Supervisors. ECF No. 1-2. On April 26, 2021, Defendants removed the action to this Court. ECF No. 1.

On July 12, 2021, Defendants filed the present motion for partial dismissal of certain Defendants and claims based on *res judicata* following the Court's order on summary judgment in the prior action. ECF No. 11. On July 28, 2021, Plaintiff filed two motions to add more defendants and amend his complaint. ECF Nos. 15-16. Plaintiff seeks to add Spokane County Sheriff's Department, Thomas Johnson, Courtney Olson, Officer Troutment, Officer Durkin, Jessica Goodeill, RN, Richard

Meyer, and Lt. Wohl. ECF Nos. 15-16. The parties timely filed their respective responses and replies to the motions. ECF Nos. 12, 19-21.[1]

## DISCUSSION

### A. Motion for Partial Dismissal

Defendants move to partially dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF No. 11 at 4. Specifically, Defendants assert that *res judicata* preclude Plaintiff's claims and named defendants that the Court dismissed on summary judgment in the prior case. *Bell I*, ECF No. 46. *Id.* at 4-11. Plaintiff responds by asserting that new evidence presented is sufficient to deny Defendants' motion, Plaintiff is entitled to further discovery to support his claims, and that there is no final judgment in the prior case where Plaintiff voluntarily dismissed his remaining claims following summary judgment. *See* ECF No. 12.

A defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Ninth Circuit has recognized motions premised on *res judicata* grounds may be brought under a Rule 12(b)(1) motion.

---

[1] Plaintiff filed various memorandums in support of his motions and oppositions, which the Court construes liberally as exhibits, one duplicate motion, and one surreply. *See* ECF Nos. 14, 17-18, 22.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND GRANTING IN PART PLAINTIFF'S MOTIONS TO AMEND ~ 4

*See Villegas v. United States*, 963 F. Supp. 2d 1145, 1158 (E.D. Wash. 2013) (citing *Gupta v. Thai Airways Inter. Ltd.*, 487 F.3d 759, 763 (9th Cir. 2007)).  On a Rule 12(b)(1) motion, the Court may "consider affidavits or any other evidence properly before the court, even material extrinsic to the pleadings."  *Id.* at 1158 (citing *Ass'n. of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000)).

    1.  *Judicial Notice*

Defendants request that this Court take judicial notice of Plaintiff's original action, including documents such as Plaintiff's complaint, amended complaint, and this Court's order on summary judgment.  ECF No. 11 at 4.

Pursuant to Federal Rule of Evidence 201, "[t]he Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  There is a presumption that public records are authentic and trustworthy.  *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999); *see also Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of federal and state court records).

Here, the Court takes judicial notice of the public records in the original action that was litigated in front of this Court and whose source cannot reasonably be questioned. *See Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-62 (10th Cir. 2008) (finding district court was particularly entitled to take judicial notice of its own order and judgment from a previous case involving the same parties).

### 2. Res Judicata

The doctrine of *res judicata* protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). *Res judicata* bars claims in a subsequent action when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) an identity or privity between parties. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). When met, *res judicata* "bar[s] all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties … on the same cause of action." *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (internal citation omitted).

    a. <u>Identity of Claims</u>

As to the first element, a court considers:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2)

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND GRANTING IN PART PLAINTIFF'S MOTIONS TO AMEND ~ 6

whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted). The fourth consideration is the most important. *Id.* "A plaintiff need not bring every possible claim. But where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012).

      Here, Plaintiff's claims in this action are substantially similar to the amended complaint that was filed in *Bell I*, and which the Court granted summary judgment on most of the claims. *See Bell I*, ECF No. 21; *Bell II*, ECF No. 1-2. Both actions involve Plaintiff's bar fight, Plaintiff's arrest, and the City of Spokane's transport of Plaintiff to Spokane County jail where he was allegedly injured when pulled into the police vehicle by a law enforcement officer. *See id.* Therefore, the Court finds there is common nucleus of facts in *Bell I* and *Bell II* that satisfy the identity of claims element.

      The Court notes that Plaintiff has raised new claims involving events subsequent to his arrest, against new defendants not named in the original action, *see* ECF Nos. 1-2, 15-16. However, Defendants' motion to dismiss is only for the

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND GRANTING IN PART PLAINTIFF'S MOTIONS TO AMEND ~ 7

1  claims that the Court ruled on in the motion for summary judgment in *Bell I*. ECF

2  No. 11.  Any claims the Court did not adjudicate on summary judgment in *Bell I*

3  are not barred by *res judicata*.

4          b.   <u>Final Judgment on the Merits</u>

5          As to the second element, a "final judgment on the merits is synonymous

6  with dismissal with prejudice." *Hells Canyon Pres. Council v. U.S. Forest Serv.*,

7  403 F.3d 683, 686 (9th. Cir. 2005) (internal quotation marks and citation omitted).

8  For purposes of *res judicata*, the final judgment on the merits inquiry is claim-

9  specific. *Id.*  In *Hells Canyon*, the Ninth Circuit recognized that a district court's

10 granting of summary judgment on a specific claim constitutes a final judgment on

11 the merits for the purposes of that claim. *Id.* at 686, 690.

12         Here, the Court granted summary judgment in favor of Defendants on the

13 following of Plaintiff's claims: (1) excessive force in violation of the Fourth

14 Amendment as to all Defendants except Defendant Officer Christensen, (2) failure

15 to intervene in violation of the Fourth Amendment as to all Defendants, (3) cruel

16 and unusual punishment in violation of the Eighth Amendment as to all

17 Defendants, (4) failure to provide adequate medical care in violation of the

18 Fourteenth Amendment as to all Defendants, (5) failure to provide a police report

19 or internal affairs investigation as to all Defendants, and (6) battery and gross

20 negligence or willful and wanton misconduct in violation of state law as to all

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL
DISMISSAL AND GRANTING IN PART PLAINTIFF'S MOTIONS TO
AMEND ~ 8

1  Defendants except Defendants Officer Christensen and the City of Spokane. *See*
2  *Bell I*, ECF No. 46.  As a result, those claims were dismissed with prejudice. *Bell*
3  *I*, ECF No. 46 at 23.  The only claims that survived were Plaintiff's Fourth
4  Amendment and related state tort claims for excessive force based on the
5  allegation that Officer Christensen grabbed the Plaintiff's handcuffs and dragged
6  him into the vehicle, thereby breaking Plaintiff's clavicle. *Bell I*, ECF No. 46 at
7  23.
8        Plaintiff's argument that the case was dismissed without prejudice following
9  his Rule 41(a)(2) stipulated voluntary dismissal ignores that the Court dismissed
10 claims with prejudice prior to his voluntary dismissal.  ECF No. 12 at 13.  As
11 stated *supra*, *res judicata* is *claim* specific.  *Hells Canyon*, 403 F.3d at 686.  The
12 Court dismissed the majority of Plaintiff's claims with prejudice on summary
13 judgment: dismissal with prejudice is synonymous to a final judgment on the
14 merits as to those claims.  *Id.*  Accordingly, Plaintiff cannot plead those claims
15 anew just because he voluntarily dismissed his remaining claims under Rule
16 41(a)(2) without prejudice.
17       In sum, the Court made a final judgment on the merits in *Bell I* as to
18 Plaintiff's claims of (1) excessive force in violation of the Fourth Amendment as to
19 all Defendants except Defendant Officer Christensen, (2) failure to intervene in
20 violation of the Fourth Amendment as to all Defendants, (3) cruel and unusual

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL
DISMISSAL AND GRANTING IN PART PLAINTIFF'S MOTIONS TO
AMEND ~ 9

punishment in violation of the Eighth Amendment as to all Defendants, (4) failure to provide adequate medical care in violation of the Fourteenth Amendment as to all Defendants, (5) failure to provide a police report or internal affairs investigation as to all Defendants, and (6) battery and gross negligence or willful and wanton misconduct in violation of state law as to all Defendants except Defendants Officer Christensen and the City of Spokane. *See Bell I*, ECF No. 46.

      c. <u>Identity or Privity of Parties</u>

As to the third element, privity of parties exists when "a person [is] so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (internal quotation marks and citation omitted). Here, the defendants in the first action (Defendants City of Spokane, J. Christensen, D. Dunkin, and E. Kannberg) are all named defendants in the present action. *See Bell I*, ECF No. 21; *Bell II*, ECF No. 1-2. Therefore, there is no dispute that the identity of parties is met with respect to the aforementioned Defendants.

Finding all elements met, the Court concludes that *res judicata* bars Plaintiff's claims previously brought in *Bell I* that the Court dismissed with prejudice on summary judgment. As a result, the following claims are barred in this action: (1) excessive force in violation of the Fourth Amendment as to all

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND GRANTING IN PART PLAINTIFF'S MOTIONS TO AMEND ~ 10

Defendants except Defendant Officer Christensen, (2) failure to intervene in violation of the Fourth Amendment as to all Defendants, (3) cruel and unusual punishment in violation of the Eighth Amendment as to all Defendants, (4) failure to provide adequate medical care in violation of the Fourteenth Amendment as to all Defendants, (5) failure to provide a police report or internal affairs investigation as to all Defendants, and (6) battery and gross negligence or willful and wanton misconduct in violation of state law as to all Defendants except Defendants Officer Christensen and the City of Spokane.

As discussed *infra*, Plaintiff seeks to add several defendants who were not named in the first action. Some of the newly added defendants appear to be employees of Spokane County and a hospital. *See* ECF No. 15-16. Therefore, the Court finds that *res judicata* will not apply to the newly named defendants as they do not appear to be in privity with the originally named defendants.

B. Motions to Amend Complaint

On July 28, 2021, Plaintiff filed two motions to add defendants and amend his complaint. *See* ECF Nos. 15-16. Defendants oppose Plaintiff's attempt to add Lts. Meyer and Wohl, ECF No. 16, on the grounds that such amendments would be futile. ECF No. 21 at 5-8. The Court agrees.

Rule 15(a)(2)[2] instructs courts to "freely give leave [to amend] when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation and quotation marks omitted). However, a court may deny leave to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party…, and futility of amendment." *Zucco Partners, LLC v. Digimarc Ltd.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal citation and quotation marks omitted). In reviewing pleadings of a *pro se* plaintiff in a civil rights case, the Court must afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Federal Rule of Civil Procedure 15(a) governs amendment of the pleadings prior to the court's filing of a pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). After entry of the scheduling order, a party may seek leave to amend the pleadings only if they first satisfy the "good cause standard" of Rule 16(b)(4). *See id.*, 975 F.2d at 608; *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause

---

[2] The time to amend once as a matter of course has passed. Fed. R. Civ. P. 15(a)(1).

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND GRANTING IN PART PLAINTIFF'S MOTIONS TO AMEND ~ 12

1   and with the judge's consent."). Here, the time within which to file a motion to

2   amend the pleadings or add parties expired on August 6, 2021. *See* Jury Trial

3   Scheduling Order, ECF No. 10 at 3. Plaintiff filed his motions to amend on July

4   28, 2021. Therefore, Rule 15's liberal amendment standard applies.

5         A Section 1983 claim requires "personal participation" in the alleged

6   violation of constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

7   1989). A supervisor may be liable if (1) he has personal involvement in the

8   constitutional deprivation, or (2) there is sufficient causal connection between the

9   supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*,

10  885 F.2d 642, 646 (9th Cir. 1989).

11        First, Plaintiff alleges Lt. Meyer reviewed a police report after Plaintiff's

12  arrest and generally failed to report his injury or take any action that were alleged

13  in the report "per Policy and Procedure demands." ECF No. 16 at 2. Plaintiff fails

14  to allege that Lt. Meyer personally participated in a deprivation of his

15  constitutional rights or that there is any sufficient causal connection between his

16  review of a police report and the claimed constitutional violations. *Hansen*, 885

17  F.2d at 646. At most, Plaintiff alleges vicarious liability, which is not allowed

18  under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

19        Second, Plaintiff alleges that Lt. Wohl was "made aware" that Plaintiff was

20  injured, "may have started an investigation," and "became aware of Plaintiff claim

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL
DISMISSAL AND GRANTING IN PART PLAINTIFF'S MOTIONS TO
AMEND ~ 13

1  through unorthodox methods and failed to take action or report to his superiors."

2  ECF No. 16 at 3.  Similarly, Plaintiff fails to allege Lt. Wohl was personally

3  involved in Plaintiff's arrest and injury or that he knew and failed to prevent it.

4  *Hansen*, 885 F.2d at 646.  Additionally, to the extent that Plaintiff alleges Lt. Wohl

5  failed to conduct an investigation, the Court reiterates from *Bell I* that Plaintiff

6  does not have a standalone constitutional right to an internal affairs investigation.

7  *Bell I*, ECF No. 46 at 16 (collecting cases).

8  Based on these allegations, Plaintiff's proposed amendments to add

9  Defendant Lts. Meyer and Wohl are denied as futile.  However, the Court will

10  allow Plaintiff to amend to allow the remaining Defendants and allegations set

11  forth in ECF No. 15 where there is currently no opposition to those proposed

12  amendments.  Based on the liberal standards under Rule 15 and for *pro se*

13  plaintiffs, the Court cannot conclude that the proposed amendments set forth in

14  ECF No. 15 are futile at this time.  As set forth below, Plaintiff will be allowed to

15  amend his complaint.

16  **C. Opportunity to Amend**

17  Unless it is absolutely clear that amendment would be futile, a *pro se* litigant

18  must be given the opportunity to amend his complaint to correct any deficiencies.

19  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  Plaintiff may submit a first

20  amended complaint within **thirty (30) days** of the date of this Order which must

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL
DISMISSAL AND GRANTING IN PART PLAINTIFF'S MOTIONS TO
AMEND ~ 14

include sufficient facts to establish federal subject-matter jurisdiction and articulate causes of action not barred by *res judicata*. See *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citations omitted).

Plaintiff's first amended complaint shall consist of a **short** and **plain** statement showing that he is entitled to relief and alleging with specificity:

(1) the specific conduct or actions of each Defendant demonstrating how each caused or personally participated in causing a deprivation of Plaintiff's rights; and

(2) the specific protected rights of which Plaintiff was deprived.

Further, Plaintiff shall set forth his factual allegations in separate numbered paragraphs. **THIS FIRST AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRIOR COMPLAINT**. The first amended complaint must be legibly rewritten or retyped in its entirety; it should be an original and not a copy; it may not incorporate any part of the first complaint by reference; and IT MUST BE CLEARLY LABELED THE "FIRST AMENDED COMPLAINT" and case number 2:21-CV-0146-TOR must apppear in the caption. PLAINTIFF IS CAUTIONED IF HE FAILS TO FILE WITHIN 30 DAYS AS DIRECTED, THE CASE WILL ONLY PROCEED AGAINST DEFENDANTS

NAMED IN THE ORIGINAL COMPLAINT THAT HAVE NOT BEEN DISMISSED BY *RES JUDICATA*.

Finally, Plaintiff is reminded that amendment is futile where such amendment revives claims barred by *res judicata*.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Fed. R. Civ. P. 12(b)(1) Motion for Partial Dismissal of Certain Defendants and Claims (ECF No. 11) is **GRANTED**.

2. The following claims raised in *Bell I* are **BARRED** by *res judicata*: all Fourth Amendment claims, except the allegation that Officer Christensen grabbed the handcuffs that were secured to both of Plaintiff's wrists and dragged him into vehicle, thereby breaking Plaintiff's right clavicle; all Eighth Amendment claims; all Fourteenth Amendment right to adequate medical care claims; all claims regarding the failure to report injuries, write reports or conduct internal affairs investigation; all § 1983 municipal liability claims; and all state law tort claims, except those that relate to the one remaining Fourth Amendment claim.

3. Defendants David Dunkin, Jason Curtis, and Eric Kannberg are **DISMISSED** with prejudice. The Clerk shall terminate them from the docket.

4. Plaintiff's Motion to Add Defendants and Amend Complaint (ECF No. 15) is **GRANTED**.

5. As set forth above, Plaintiff may file his First Amended Complaint **within thirty (30) days** of this Order. **THIS FIRST AMENDED COMPLAINT WILL OPERATE AS A COMPLETE SUBSTITUTE FOR (RATHER THAN A MERE SUPPLEMENT TO) THE PRIOR COMPLAINT. Plaintiff must timely serve the First Amended Complaint on the parties named.**

6. Plaintiff's Second Motion to Add Defendants and Amend Complaint (ECF No. 16), is **DENIED as futile**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED August 31, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL DISMISSAL AND GRANTING IN PART PLAINTIFF'S MOTIONS TO AMEND ~ 17