UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON L. BELL,<br><br>                    Plaintiff,<br><br>   v.<br><br>CITY OF SPOKANE, J. CHRISTENSEN, SGT. PREUNIGER, and UNKNOWN SUPERVISORS,<br><br>                    Defendants. | CASE NO. 2:21-CV-0146-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Partial Summary Judgment Re: Defendant Preuninger (ECF No. 24). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion for Partial Summary Judgment Re: Defendant Preuninger (ECF No. 24) is granted.

//

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

# BACKGROUND

This case arises from an arrest made by the Spokane Police Department ("SPD") in Spokane, Washington. *See* ECF No. 1-2. Prior to this action, on February 3, 2020, Plaintiff filed suit for largely the same events at issue against Defendants City of Spokane, J. Christensen, D. Dunkin, J. Curtis, and E. Kannberg. *See Bell v. City of Spokane et al.*, 2:20-cv-00051-TOR ("*Bell I*"). In that action, Plaintiff listed the following causes of action in the amended complaint: (1) excessive force in violation of the Fourth Amendment, (2) failure to intervene in violation of the Fourth Amendment, (3) cruel and unusual punishment in violation of the Eighth Amendment, (4) failure to provide adequate medical care in violation of the Fourteenth Amendment, (5) failure to provide a police report or internal affairs investigation, and (6) battery and gross negligence or willful and wanton misconduct in violation of state law. *See Bell I*, ECF No. 21.

On September 23, 2020, while Plaintiff was represented by counsel, the Court granted in part and denied in part Defendants' motion for summary judgment and dismissed Defendants D. Dunkin, J. Curtis, and E. Kannberg with prejudice. *See Bell I*, ECF No. 46. As a result of that order, the Court dismissed all of Plaintiff's claims with prejudice except Plaintiff's Fourth Amendment and state related claim for excessive force based on the allegation that Officer Christensen grabbed the Plaintiff's handcuffs and dragged him into the vehicle,

thereby breaking Plaintiff's clavicle. *Bell I*, ECF No. 46 at 23. On January 13, 2021, the Court dismissed Plaintiff's action without prejudice following Plaintiff's notice of stipulated voluntary dismissal. *See Bell I*, ECF Nos. 51, 53.

On April 13, 2021, Plaintiff, now proceeding *pro se*, initiated the present action ("*Bell II*") by filing a complaint in Spokane County Superior Court against the aforementioned Defendants with the addition of Defendants Lt. Terry Preuninger[1] and Unknown Supervisors. ECF No. 1-2. On April 26, 2021, Defendants removed the action to this Court. ECF No. 1. Plaintiff failed to identify the unknown supervisors by the date to amend pleadings or add parties set forth in the Jury Trial Scheduling Order, ECF No. 10 at ¶ 3, nor has he served them.

On August 31, 2021, the Court granted Defendants' motion for partial dismissal, finding *res judicata* barred the claims made in *Bell I* that the Court dismissed with prejudice: the only *Bell I* claims that survived are the Fourth Amendment excessive force against Officer Christensen and related state law claims against Officer Christensen and the City of Spokane. ECF No. 23. As a result, the Court dismissed Defendants D. Dunkin, J. Curtis, and E. Kannberg with

---

[1] The case caption lists "SGT Preuniger." However, Defendants refer to Defendant Lt. Preuninger. The Court will use the latter title and name.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ~ 3

prejudice. *Id.* The Court also granted Plaintiff leave to amend his complaint (as requested in ECF No. 15) within 30 days but Plaintiff never filed a first amended complaint. *Id.* Therefore, Plaintiff's complaint (ECF No. 1-2) remains operative.

On January 21, 2022, Defendants filed the present motion for partial summary judgment, moving to dismiss claims against Defendant Lt. Preuninger. ECF No. 24. Although Plaintiff is not entitled to notice of summary judgment rules as a non-prisoner *pro se* litigant, *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007), Plaintiff nonetheless received notice. ECF No. 28. The parties filed their respective response and reply. ECF Nos. 31-36.

## FACTS

The Court notes the statement of material facts are largely the same as those presented on summary judgment in *Bell I*.[2] *Compare Bell I*, ECF No. 23 *with Bell II*, ECF Nos. 27, 32. The Court will address facts specific to the partial summary judgment here, i.e. facts relating to Lt. Preuninger's conduct the night of Plaintiff's injury. Except where noted, the following facts are not in dispute.

On August 23, 2019, Lt. Preuninger, along with other officers, responded to a fight involving Plaintiff, who consumed alcohol at the bar. ECF No. 27 at 2, ¶ 1;

---

[2] As found in the Court's previous order, the Court takes judicial notice of the pleadings and orders in *Bell I*. *See* ECF No. 23 at 5-6.

32 at 2, ¶ 8.  Following Plaintiff's arrest, the officers instructed Plaintiff multiple times to enter the police vehicle while handcuffed.  ECF No. 27 at 5, ¶ 11.  Plaintiff continued to refuse to enter the vehicle (Plaintiff asserts he was unable to while handcuffed) so Officer Christensen walked around the opposite side of the vehicle and pulled Plaintiff backwards into the vehicle.  ECF No. 27 at 7, ¶ 15.  The parties dispute where Officer Christensen grabbed Plaintiff and the body cam footage does not explicitly show how Plaintiff was pulled inside the vehicle.  ECF No. 37.

It is undisputed that Lt. Preuninger did not pull Plaintiff into the police vehicle, was not in proximity to Officer Christensen to prevent his method of pulling Plaintiff into the vehicle, and did not write a police report or initiate an internal investigation following the incident.  *See* ECF Nos. 27, 32.

## DISCUSSION

### I.    Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling on a motion for summary judgment, the court must only consider admissible evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The party moving for summary judgment bears the initial burden of showing the

1   absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

2   317, 323 (1986).  The burden then shifts to the non-moving party to identify

3   specific facts showing there is a genuine issue of material fact.  *See Anderson v.*

4   *Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla

5   of evidence in support of the plaintiff's position will be insufficient; there must be

6   evidence on which the jury could reasonably find for the plaintiff."  *Id*. at 252.

7        For purposes of summary judgment, a fact is "material" if it might affect the

8   outcome of the suit under the governing law.  *Id.* at 248.  Further, a dispute is

9   "genuine" only where the evidence is such that a reasonable jury could find in

10  favor of the non-moving party.  *Id.*  The Court views the facts, and all rational

11  inferences therefrom, in the light most favorable to the non-moving party.  *Scott v.*

12  *Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted

13  "against a party who fails to make a showing sufficient to establish the existence of

14  an element essential to that party's case, and on which that party will bear the

15  burden of proof at trial."  *Celotex*, 477 U.S. at 322.  While a *pro se* litigant's

16  allegations are to be liberally construed, non-prisoner "*pro se* litigants in the

17  ordinary civil case should not be treated more favorably than parties with attorneys

18  of record."  *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

19  //

20  //

**II.     Lt. Preuninger**

Defendants move for summary judgment on the grounds that Plaintiff cannot assert any viable claim against Lt. Preuninger.  ECF No. 24.  Plaintiff concedes summary judgment is appropriate on Plaintiff's failure to intervene, cruel and unusual punishment, and inadequate medical care claims against Lt. Preuninger. ECF No. 31 at 17 ("Defense (B)(C)(D) … Plaintiff concedes to these issues). However, it appears Plaintiff maintains Lt. Preuninger is liable for his "inaction" in witnessing the alleged constitutional violation and failing to investigate or write a report.  *Id.* at 17-19.[3]

As set forth in the Court's prior order, a Section 1983 claim requires "personal participation" in the alleged violation of constitutional rights.  *See* ECF No. 23 at 13; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor may be liable if (1) he has personal involvement in the constitutional deprivation, or (2) there is sufficient causal connection between the supervisor's wrongful

---

[3]     Plaintiff "is fully aware that the only claims that are remaining at this time are (1) All Forth [sic] Amendment claim against Officer James Christensen City of Spokane."  ECF No. 31 at 3.  Despite this concession, the Court will nonetheless address Plaintiff's arguments regarding Lt. Preuninger.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 7

conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

First, Plaintiff cites *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) for the proposition that Lt. Preuninger was deliberately indifferent to Officer Christensen pulling Plaintiff into the police vehicle. ECF No. 31 at 16. A supervisor may be held liable on a theory "for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr*, 652 F.3d at 1207. In *Starr*, the supervisor was "given notice, in several reports, of systematic problems in the county jails under his supervision that have resulted in these deaths and injuries" but continued to fail to protect inmates under his care. *Starr*, 652 F.3d at 1216. This case is easily distinguishable. There is no evidence Lt. Preuninger witnessed or was even aware of similar incidents to establish a pattern to which he failed to take action. There is no evidence Lt. Preuninger had notice of the manner in which Officer Christensen intended to get Plaintiff in the vehicle. The evidence in this case, including all bodycam footage, indicates that Officer Christensen acted unilaterally. Indeed, the Court already ruled that no officers had time or were in proximity to intervene as the remaining officers were on the opposite side of the vehicle. *Bell I*, ECF No. 46 at 12-13. The mere fact that Lt. Preuninger witnessed Plaintiff entering the vehicle does not create a genuine issue of material fact as to deliberate indifference to a

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT ~ 8

serious risk of Plaintiff's safety.  Therefore, summary judgment as to Plaintiff's § 1983 claim for Lt. Preuninger's "deliberate indifference" is appropriate.

Second, as already noted, Plaintiff does not have a standalone constitutional right to "an accurate police report" nor an "internal affairs investigation."  ECF No. 23 at 14 (dismissing Lt. Wohl); *see also Bell I*, ECF No. 46 at 16 (collecting cases).  To the extent that Plaintiff argues Lt. Preuninger should have investigated the events, Plaintiff fails to set forth a violation of his constitutional rights. Therefore, summary judgment as to Plaintiff's § 1983 claim for Lt. Preuninger's failure to write a police report or conduct an internal investigation is appropriate. Because Plaintiff has alleged no cognizable constitutional violation against Lt. Preuninger, Lt. Preuninger must be dismissed from this action.

As an additional matter, Plaintiff had until August 6, 2021 to file any motion to amend the pleadings or add parties.  ECF No. 10 at 3, ¶ 3 (Jury Trial Scheduling Order).  Plaintiff did not file a motion to amend or to add parties to clarify the identities of Unknown Supervisors, nor has he served them.  As a result, Defendant Unknown Supervisors must also be dismissed.

In sum, the remaining causes of action are: (1) Fourth Amendment excessive force claim against Officer Christensen and (2) related state law claims against Officer Christensen and the City of Spokane to the extent it may be held liable for Officer Christensen's tortious conduct.  RCWs 9A.16.020; 4.96.010.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Partial Summary Judgment Re: Defendant Preuninger (ECF No. 24) is **GRANTED**.

2. Defendant "SGT Preuniger" is **DIMISSED** with prejudice and Defendant Unknown Supervisors are **DISMISSED** without prejudice. The Clerk shall terminate these parties from the docket.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED March 17, 2022.



THOMAS O. RICE
United States District Judge