UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| AARON L. BELL, | CASE NO. 2:21-CV-0146-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| CITY OF SPOKANE and J. CHRISTENSEN, | |
| Defendants. | |

BEFORE THE COURT is Plaintiff's Motion for Summary Judgment (ECF No. 41). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 41) is denied.

**BACKGROUND**

This case arises from an arrest made by the Spokane Police Department ("SPD") in Spokane, Washington. *See* ECF No. 1-2. The procedural history and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

substantive background have been previously detailed at length. ECF Nos. 23, 38; *see also Bell v. City of Spokane et al.*, 2:20-cv-00051-TOR ("*Bell I*"), ECF No. 46. The remaining causes of action are: (1) Fourth Amendment excessive force claim against Officer Christensen and (2) related state law claims against Officer Christensen and the City of Spokane to the extent it may be held liable for Officer Christensen's alleged tortious conduct. RCWs 9A.16.020; 4.96.010.

Plaintiff moves for summary judgment on (1) Plaintiff's inability to enter the police vehicle and (2) the manner in which Officer Christensen pulled Plaintiff into the vehicle. ECF No. 41 at 2. Plaintiff's statement of material facts was not filed separately but is intermingled with arguments in support of the motion. ECF No. 41 at 5-17.[1] Defendants oppose Plaintiff's motion. *See* ECF Nos. 42, 43. Plaintiff subsequently filed a rebuttal statement of material facts. ECF No. 45.

## DISCUSSION

The summary judgment standard is set forth in the Court's prior order. ECF No. 38 at 5-6. Plaintiff moves for summary judgment on (1) Plaintiff's inability to enter the police vehicle and (2) the manner in which Officer Christensen pulled Plaintiff into the vehicle, which Plaintiff asserts constitutes excessive force. ECF

---

[1] The factual allegations have also been detailed prior to this motion. *See Bell I*, ECF No. 23; *Bell II*, ECF Nos. 23, 27, 38.

No. 41 at 2.  Defendants identified genuine issues of material fact that make summary judgment inappropriate.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The parties disagree whether Plaintiff was compliant with officer instructions, whether Plaintiff was able to get into the vehicle, how Plaintiff was pulled into the vehicle, and who caused Plaintiff's injury.  ECF Nos. 41, 43, 45.  Indeed, in *Bell I*, the Court found factual disputes as to the source of Plaintiff's injury and the manner in which Officer Christensen pulled Plaintiff into the vehicle.  ECF No. 46 at 7-8, 11 (noting video footage does not clearly depict either event).  Because the jury will decide these factual disputes, Plaintiff is not entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Summary Judgment (ECF No. 41) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED May 23, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3